

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-83,424-03 & WR-83,424-04

### EX PARTE GABRIEL CARDONA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2006 CRN770-D1 & 2006CRN952-D1
### IN THE 49TH DISTRICT COURT
### FROM WEBB COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of murder and sentenced to eighty years' imprisonment in each case. He did not appeal his convictions.

Applicant contends that his plea was involuntary because the plea agreements, which call for any time to be served concurrently in relation to possible future federal time, cannot be followed. He also alleges that counsel misadvised him about his parole eligibility.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim that his plea was involuntary. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant pled guilty pursuant to an agreement that these sentences would run concurrently with a federal sentence. The trial court shall make specific findings setting forth whether Applicant has been sentenced in any federal cases based on facts arising from these cases, and if so, how that time is to be served and how the time is being credited. If Applicant was sentenced to cumulative sentences in federal court, the trial court shall make findings addressing how counsel advised Applicant about that possibility. The trial court shall also make specific findings specifically detailing how counsel advised Applicant concerning parole eligibility, and whether this advice was correct. Finally, the trial court shall also make specific findings addressing the State's assertion of laches in these cases. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 16, 2015
Do not publish